**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CLEVELAND HUGHES | : | |
|    Petitioner | : | |
| v | : | Civil No. L-06-1158 |
| WARDEN | : | |
|    Respondent | : | |

o0o

## MEMORANDUM

On May 5, 2006, Cleveland Hughes ("Hughes") filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In the petition, he alleges that his request for authorization to file a second or successive petition under 28 U.S.C. § 2254 was improperly denied by the Fourth Circuit Court of Appeals.  He also seeks this Court's review of his previous claims concerning violation of the Interstate Agreement on Detainers Act.[1]  Id.  For the following reasons, the Court will, by separate Order, DISMISS the petition.

First, this Court is not authorized to review the Fourth Circuit's decision denying Hughes authorization to file a successive petition.  28 U.S.C. § 2244(b)(3)(E) ("Grant or denial of authorization to file successive petition shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari").

---

[1]  On September 29, 1992, Hughes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction on several grounds, including a claim that the State violated the Interstate Agreement on Detainers Act ("IADA").  See Hughes v. Smith, No. N-92-2738, Docket No. 13 (D. Md. 1993).  The claim regarding the IADA was decided on the merits in a Report and Recommendation rendered by a magistrate judge and adopted by the Honorable Edward S. Northrop in a Memorandum dated August 18, 1995.  Id., Docket No. 28.  Hughes filed another petition in 2005, raising the same claim.  See Hughes v. State of Maryland, No. L-05-2595 (D. Md. 2005).  In dismissing that petition as successive, the Court instructed Hughes to seek authorization for leave to file a successive petition from the Fourth Circuit Court of Appeals.

Second, this Court cannot consider Hughes's successive petition until the Fourth Circuit has authorized it to do so. 28 U.S.C. §2244(b)(3)(A); see also In re Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). The Fourth Circuit has denied Hughes authorization to file a successive petition. This Court cannot, therefore, examine Hughes's claims. Accordingly, his pending application for habeas corpus relief must be dismissed.

Dated this 24th day of May, 2006.

                                                                      /s/
                                          Benson Everett Legg
                                          Chief Judge